UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YOLANDA Y. JONES,

    *Plaintiff*,                      CASE NO. 12-CV-14466

v.                                DISTRICT JUDGE THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE CHARLES E. BINDER
MICHIGAN DEPARTMENT OF
HUMAN SERVICES, *et al.*,

    *Defendants*.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***
(Doc. 4)


**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* be **DENIED**; **IT IS FURTHER RECOMMENDED** that the case be **DISMISSED WITH PREJUDICE**.


**II.    REPORT**

Pending, pursuant to an order of reference for general case management from United States District Judge Thomas L. Ludington issued on October 12, 2012 (Doc. 3), is Plaintiff's application to proceed *in forma pauperis*. This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

Since 1892, federal courts have possessed statutory power under 28 U.S.C. § 1915 to authorize commencement of civil actions *in forma pauperis* ("IFP"). Section 1915 is intended to

insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed IFP must file an affidavit that includes a statement of that person's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1). If the court grants the motion to proceed IFP, the litigant is excused from prepayment of filing fees. *Id*. A court may also direct the United States to pay expenses associated with printing records and transcripts, *id.* § 1915(c), and will order court officers to carry out duties associated with service of process. *Id.* § 1915(d).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 69 S. Ct. 85, 93 L. Ed. 43 (1948), the United States Supreme Court held that one need not be absolutely destitute to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide herself and her family the necessities of life. *Adkins*, 335 U.S. at 339. Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *accord, Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004). In addition, "[f]ederal courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made

available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System,* No. 10-31 (RHK/RLE), 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010); *accord Caldwell v. Providence Family Physician (Tillman's Corner) Seton Medical Mgmt.*, 2005 WL 1027287, *2 (S.D. Ala. Apr. 29, 2005) (the ability to cover the costs of litigation and the necessities of life "has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, and adult sibling or other next friend"); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend'").

The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status. *Onischuk v. Johnson Controls, Inc.*, 192 Fed. Appx. 532, 2006 WL 1307456 (7th Cir. May 3, 2006) (affirming denial of IFP status where Plaintiff refused to disclose wife's income on affidavit); *Upshur v. M/I Schottenstein Homes, Inc.*, 202 F.3d 262, 1999 WL 1221393 (4th Cir. Dec. 21, 1999) (affirming denial of IFP status where Plaintiff failed to provide information about his wife's income).

Under 28 U.S.C. § 1915(e)(2)(A), "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." The statute is written in the imperative and courts lack discretion to avoid dismissal. *Thomas v. General Motors Accept. Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.").

In this case, Plaintiff indicates that she has been receiving "back pay," presumably from Defendant Michigan Department of Human Services, in the amount of $1,200 per month through July 2012. (Doc. 2 at 2.) She indicates that she owns her home "on land contract" and that its

approximate value is zero. (*Id.*) She further indicates that she supports her son at zero dollars but that she supports her daughter in the amount of $369.00 per month, although she also reports child support income of $369.00 per month. (*Id.*) She further indicates that she has no money in any checking, savings, or pension account and that she owes $3,636 on her car. (*Id.*) It appears that Plaintiff attempted to obliterate the word "day" before "car," the "e" after "car" and the "B" after "car"; thus, the phrase "Day Care B" became "car" with a net value of negative $3,636. This is particularly interesting in light of the fact that research revealed that Plaintiff is a co-owner, with her sister, of a day care business, as discussed below.

Although Plaintiff lists the value of her home as "zero," a review of public records from Saginaw County, Michigan, indicates that Plaintiff's residence at 4423 Spicebush, Saginaw, Michigan, has a 2012 State Equalized Value (S.E.V.) of $90,600, which is generally considered to be less than half the market value of the property.[1] Viewing the situation in the light most favorable to Plaintiff, Plaintiff may have believed that because she is purchasing her home on a land contract, she need not list the asset (or properly listed its value at zero) because she is the equitable owner but not yet the legal title holder. Since this view is reasonable, I suggest that this omission is not dispositive.

However, according to Plaintiff's own averments in her complaint, Plaintiff has been the "owner of Pattycake Playhouse Daycare and Pre-School in Saginaw, Michigan" since 2005, which was not mentioned in her application. (Doc. 1 at 5, ¶ 32.) Worse yet, perhaps Plaintiff began to list the day care business, then thought it would be in her best interest not to disclose the business, and thus, covered up letters to change "day care business" into "car." Either way, Plaintiff failed to list and provide the value of a major business asset. Public records from the State of Michigan indicate

---

[1] http://www.saginawcounty.com/Apps/Equal

4

that Pattycake Playhouse Childcare and Preschool Center is a licensed child care center through July 11, 2014, with a capacity to provide care for 65 children.[2] I further suggest that it is unlikely that Plaintiff has, as she indicated, absolutely no checking or savings accounts.

Had Plaintiff listed all her assets, I suggest that it would be clear that Plaintiff possesses the financial ability to cover the costs of litigation without undue financial hardship. Financial ability has been found, and thus IFP applications denied, where the applicant's assets were less than those shown in this application. *See, e.g., Brown v. Dinwiddle*, 280 Fed. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal); *Whatley v. Astrue*, No. 11-CV-1009 (NAM/ATB), 2011 WL 5222908, at *1 (N.D.N.Y. Oct. 14, 2011) (denying IFP application where, after child support and other obligations were accounted for, the plaintiff retained $36,000 per year in disability income); *Ficken v. Golden*, No. 09-0071, 2009 WL 637001, at *1 (D.D.C. Mar. 9, 2009) (denying IFP application where the plaintiff complained of a "negative cash flow situation" but also reported a pension in the amount of $16,440, social security benefits of $10,340, interest income of $200, rental payments of $11,560, rebates and sales of $500 over the past twelve months, ownership of a rental house, and ownership in a family farm valued at $32,800); *Powell v. Harris*, No. 1:08-CV-344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account); *Bloom v. San Diego County Offices of Health & Human Servs.*, No. 07-CV-1692W(RBB), 2007 WL 2782562 (S.D. Cal. Sept. 25, 2007) (denying IFP status where the plaintiff had no dependents and owned a vehicle outright); *Goldstein v. Timoney*, No. 01-481, 2001 WL 179868 (E.D. Pa. Feb. 20, 2001) (denying

---

[2]http://www.dleg.state.mi.us

IFP status where the plaintiff reported an annual income of $6,061.56 and could afford a post office box rental fee).

In light of the above facts and case law, I suggest that Plaintiff has not demonstrated that, because of her poverty, she is unable to pay for the costs of her litigation and still provide for herself.  Accordingly, I suggest that Plaintiff's application be denied because her access to court is not blocked by her financial condition, but rather she is properly in the position of having to weigh the financial constraints posed by pursuing her complaint against the merits of her claims.

More troubling, however, is that Plaintiff did not list the assets and thus failed to be truthful in her application made under penalty of perjury. Plaintiff's 311-page complaint begins with a veritable curriculum vitae of her college level degrees, accolades and promotions spanning five pages and forty paragraphs, including her rise to Family Independence Manager for the Saginaw County Department of Human Services. (Doc. 1 at 5, ¶ 35.) I therefore suggest that Plaintiff cannot assert that she did not understand the IFP application.

Based on Plaintiff's failure to include substantial assets in her petition for pauper status, I suggest that the court exercise the mandate provided in 28 U.S.C. § 1915(e)(2)(A) and dismiss the case based on a determination "that the allegation of poverty is untrue."  *Thomas, supra.*; *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 468 (S.D. N.Y. 2004) ("It is well-established that an allegation of poverty is untrue when an IF P applicant conceals a source of income in order to gain access to a court without prepayment of fees"); *Justice v. Granville Co. Bd. of Educ.*, No. 5:10-CV-539-BR, 2012 WL 1801949 (E.D. N.C. May 17, 2012) (dismissing suit where Plaintiff failed to list real estate assets whose value approximated $130,000 according to public records from the local Register of Deeds office).

Dismissal, I therefore suggest, is mandated, but the court retains the discretion to determine whether dismissal should be with or without prejudice. *Thomas*, 288 F.3d at 306-07; *Thompson v. Carlson*, 705 F.2d 868 (6th Cir. 1983). I note first that where a plaintiff acts in bad faith, dismissal should be with prejudice. *Cuoco*, 328 F. Supp. 2d at 469. Moreover, there is some support for the notion that even an inaccuracy based on ignorance or stress is not excusable in filing formal, sworn, court documents that explicitly warn, as does the application here, of the consequences of making false statements. *See Bell v. Dobbs Int'l Service,* 6 F. Supp. 2d 863, 865 (E.D. Mo. 1998). As a result, I suggest that Plaintiff's level of sophistication rebuts any notion that she unwittingly failed to include the value of her ownership interest in the day care business when listing her assets and therefore recommend that dismissal be with prejudice.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                  s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
                                                  CHARLES E. BINDER
Dated: October 23, 2012                            United States Magistrate Judge

**CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and on the following non-ECF participant via the United States Postal Service: Yolanda Y. Jones, 4423 Spicebush, Saginaw, MI 48603.

Date:  October 23, 2012                          By    s/Patricia T. Morris
                                                          Law Clerk to Magistrate Judge Binder