UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

YOLANDA JONES,

        Plaintiff,

                                        Case Number 12-14466
v.                                          Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT
OF HUMAN SERVICES et al.,

        Defendants.
_____/

**OPINION AND ORDER OVERRULING OBJECTION, ADOPTING
IN PART AND REJECTING IN PART MAGISTRATE'S REPORT AND
RECOMMENDATION, AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff Yolanda Jones objects to Magistrate Judge Charles Binder's recommendation that the case be dismissed as a sanction for her having misrepresented her financial condition in her sworn application to proceed in forma pauperis. Asserting that the false statements were inadvertently made, Plaintiff requests that her case be permitted to proceed.

The United States Code, however, prohibits the Court from granting Plaintiff's request. It provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *see, e.g.*, *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (Posner, J.) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.").

"The purpose of this provision," the Eleventh Circuit explains, "is to weed out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." *Attwood v. Singletary*, 105 F.3d

610, 613 (11th Cir. 1997) (quotation marks omitted) (quoting *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990)); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) ("This requirement does not mandate that the district court dismiss [the plaintiff's] claim if it finds that certain assertions in his affidavit are untrue; instead, it requires the district court to dismiss the claim if it finds that [the plaintiff] is not sufficiently poor to qualify for in forma pauperis status given the facts that are true.").

The question is whether the dismissal is with or without prejudice. Federal courts of appeals, including the Sixth Circuit, instruct that "a district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty." *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990) (citing *Dawson v. Lennon*, 797 F.2d 934, 935 (11th Cir.1986) (per curiam); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam); *Harris v. Cuyler*, 664 F.2d 388, 389–91 (3d Cir. 1981)).

"Bad faith in this context," the Second Circuit explains, "includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Vann v. Comm'r of N.Y. City Dept. of Corr.*, 11-2200-PR, 2012 WL 4010492, at *2 (2d Cir. Sept. 13, 2012) (citing *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467–68 (S.D.N.Y. 2004)).

Here, Plaintiff concedes that the in forma pauperis application that she completed on October 9, 2012 understates her financial wellbeing. But, she contends, the understatements were inadvertent. She explains that she "was actually very weak and exhausted on October 9, 2012 as she had not yet eaten." Pl.'s Objections 2 (emphasis and quotation marks omitted), ECF No. 5. She further explains that she "suffered a head injury in a car accident . . . that has negatively impacted her ability to complete some paperwork." *Id*. (emphasis and quotation

marks omitted). She goes on to enumerate her assets. And she concludes by writing that she "wishes to withdraw her application to proceed In Forma Pauperis" and have the case proceed. *Id*. at 5 (emphasis omitted).

Plaintiff's request to have the case proceed, as noted, cannot be granted. *See* 28 U.S.C. § 1915(e)(2)(A) (quoted above). But there is no evidence that her misstatements were deliberate rather than inadvertent. While the Court cannot condone presenting false information under oath, it does not have sufficient reason to conclude that the inaccuracies were the product of bad faith. The case will be dismissed without prejudice.

Accordingly, it is **ORDERED** that Plaintiffs' objection to Judge Binder's report and recommendation (ECF No. 5) is **OVERRULED**.

It is further **ORDERED** that the Judge Binder's report and recommendation (ECF No. 4) is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that Plaintiff's request to proceed in forma pauperis (ECF No. 2) is **DENIED** as moot.

It is further **ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

                                             s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

Dated: February 21, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Yolanda Y. Jones, at 4423 Spicebush, Saginaw, MI 48603 by first class U.S. mail on February 21, 2013.

s/Tracy A. Jacobs<br>TRACY A. JACOBS